E. L. TRENHOLM, TRUSTEE, v. MRS. MARY R. MILES.

[64. South. 209.]

1. BANKRUPTCY. *Rights of trustee. Appeal and error. Review.*
   While all the property of a bankrupt could be taken by his trustee, it does not follow that the trustee can delay in taking charge of the property to such a length of time as would work an injustice to parties interested, and where a bill is filed by a trustee in bankruptcy to take possession of the property of the bankrupt, such bill should show that there has been no unnecessary delay.

2. APPEAL AND ERROR. *Grounds of review in court below.*
   The supreme court will not consider on appeal, defects in a bill not made grounds for demurrer in the court below.

APPEAL from the chancery court of Yazoo county.
HON. G. G. LYELL, Chancellor.
Bill by E. L. Trenholm, Trustee, in bankruptcy, against Mrs. Mary R. Miles. From a judgment sustaining a demurrer to the bill complainant appeals.
The facts are fully stated in the opinion of the court.

*Edgar L. Brown,* attorney for appellant.

*Barnett & Perrin* and *Noel, Boothe & Pepper,* attorneys for appellee.

COOK, J., delivered the opinion of the court.

We copy from the brief of appellant a correct statement and elucidation of the original bill of complaint filed in the chancery court of Yazoo county, viz.: "The appellant, the trustee in bankruptcy of C. L. King, bankrupt, exhibited his bill, which, as amended and successfully demurred to, alleged that the bankrupt was adjudicated a bankrupt on the 24th day of March, 1909; that for some years previous thereto the bankrupt had leased two large plantations of the appellee, and had become wholly insolvent; that, his lease thereof being about to expire on the 31st day of December, 1908, he was desirous of re-leasing the same, and the appellee desired to re-lease the same to him; that appellee knew he was hopelessly insolvent, and then intended to file his petition for an adjudication in bankruptcy; that the bankrupt, on the 11th day of November, 1908, re-leased said plantations of appellee, and bought certain personal property of her, shown by contract of that date exhibited, the said lease and purchase contract, however, being taken in the name of N. H. Luse, who had no real interest therein, but who was simply to hold said leased property and personal property purchased until the bankrupt could institute bankruptcy proceedings and obtain his discharge, when the same were to be transferred to him by the said Luse, the said Luse and the appellee that day, by separate instrument exhibited, agreeing to so transfer; and that the whole scheme was devised for the express purpose of enabling the said bankrupt to withhold the said properties from his trustee in bankruptcy, upon filing his petition for an adjudication; that, after the adjudication and discharge of the bankrupt, he and the said

Luse executed their part of the aforesaid agreement, as shown by a further exhibit to the bill, but that the appellee refused to consent thereto, and instituted proceedings against Luse and King for the appointment of a receiver of the crops, lease, and personal property; and that said proceedings were terminated by the whole property being turned over to the appellee, who has since disposed of the same to *bona fide* purchasers for value, for a sum largely in excess of any indebtedness due the appellee by either Luse or the bankrupt, which excess the bill prays for a recovery of."

We think there is but one criticism of this bill which can be considered as worthy of serious consideration. It is contended that the bill shows on its face that the trustee did not reasonably exercise his option to take charge of the leasehold as the property of the bankrupt. We do not decide that this contention is well founded; but we think it would be more satisfactory, had the bill been a little more specific along this phase of the case.

While all the property of the bankrupt could be taken by his trustee, it does not follow that the trustee can delay in taking charge of the property to such a length of time as would work an injustice to parties interested. However, there is nothing in the demurrer making this contention as one of the exceptions to the bill of complaint, and we do not consider this question as having been raised by the demurrer.

*Reversed and remanded.*